**Abdul Malik BAHARUDEEN,
Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 05–72791.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 20, 2008.*

Filed May 27, 2008.

Vinay R. Chari, Law Offices of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

Kristin A. Cabral, Rhonda M. Dent, U.S. Department of Justice, Civil Rights Division, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Abdul Malik Baharudeen, native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal of an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the IJ's findings and reasoning, we review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales,* 432 F.3d

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1037, 1039 (9th Cir.2005). We review for substantial evidence, reversing only if the evidence compels the result, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny in part and grant in part the petition for review.

The record does not compel the conclusion that Baharudeen has shown extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a); *see also Ramadan v. Gonzales,* 479 F.3d 646, 657 (9th Cir.2007) (per curiam). Accordingly, we deny the petition as to Baharudeen's asylum claim.

Substantial evidence does not support the agency's adverse credibility determination. *See Singh v. Gonzales,* 439 F.3d 1100, 1105–06 (9th Cir.2006). The omission from Baharudeen's first declaration of his claims of persecution and flight from Hindu radicals is not supported because the IJ failed to address Baharudeen's explanation for the discrepancy. *See id.* In addition, the minor inconsistencies regarding the bribe paid to secure Baharudeen's release from custody, and the discrepancy regarding whether the police kept Baharudeen's personal belongings during his airport detention, do not go to the heart of his claims. *See id.* at 1106–09. Lastly, the discrepancy about how many months Baharudeen spent in Chennai does not reveal anything about his credibility. *See Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000).

The court does not have jurisdiction to review Baharudeen's due process challenge because he failed to exhaust the issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 676–78 (9th Cir.2004).

Substantial evidence does not support the IJ's finding regarding the CAT, be-cause contrary to the IJ's conclusion, Baharudeen's remaining family members in India are not similarly-situated. *See Khup v. Ashcroft,* 376 F.3d 898, 905 (9th Cir. 2004).

We grant the petition for review and remand for the agency to consider whether, taking Baharudeen's testimony as true, he has shown eligibility for withholding of removal and relief under the CAT. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**